## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In the Matter of the Discipline of | ) | |
| | ) | No. 17 MC 220 |
| Alison Hope Motta, | ) | |
| | ) | (Before the Executive Committee) |
| an attorney | ) | |

## ORDER

This Order finds that attorney Alison Hope Motta has committed misconduct in violation of Rules of Professional Conduct 3.5(d) and 8.4(d), which are incorporated through Local Rule 83.50, by repeatedly acting in an unprofessional and disrespectful manner, including reacting to a trial judge's ruling by using profanity in the presence of the jury. This Order imposes discipline on Ms. Motta for those violations.

Ms. Motta has been a member of the General Bar of this Court since November 2, 2005, and became a member of the Trial Bar of this Court on the same date. Ms. Motta recently appeared in 16 CR 0080, *United States v. Redwood*, before the Honorable Amy J. St. Eve.

On February 1, 2017, Judge St. Eve submitted a complaint to the Executive Committee. According to the complaint, Ms. Motta was continuously disruptive during the approximately two-week trial in *Redwood*. Some of the misconduct occurred during witness testimony, when Ms. Motta visibly reacted to testimony (such as by rolling her eyes) and made comments about the testimony, all in the presence of the jury. Other instances of misconduct were even directed at the trial judge's rulings on objections. After unfavorable decisions on objections, Ms. Motta would shake her head, roll her eyes, and make comments under her breath. In one particular egregious instance, after an objection by Ms. Motta was overruled, she rolled her eyes and said, "Fucking bullshit." These instances of disruptive conduct occurred even after multiple warnings from the trial judge.

On March 31, 2017, on behalf of the Executive Committee, the Clerk of Court sent a letter to Ms. Motta along with a copy of Judge St. Eve's complaint, directing her to respond. In her response, Ms. Motta apologized to Judge St. Eve for having caused offense, and to the Executive Committee for requiring it to expend time in considering the matter. Ms. Motta admitted to being frustrated about the nature of

the case and its progression, and stated that she regrets projecting that frustration in her demeanor, language and tone. Ms. Motta also apologized for using offensive language.

In light of the record, the Executive Committee finds that Ms. Motta violated Rule of Professional Conduct 3.5(d) by "engag[ing] in conduct intended to disrupt a tribunal." Ms. Motta also violated Rule 8.4 by "engag[ing] in conduct that is prejudicial to the administration of justice." As described above, Ms. Motta's reactions to witness testimony and to the trial judge's decisions disrupted the trial and prejudiced the administration of justice. Not only are witnesses thrown off balance when the opposing lawyer visibly reacts to testimony (such as by rolling her eyes), a lawyer's outright defiance of a trial judge's decision endangers the judge's control of the courtroom. This is especially true when that defiance is demonstrated in front of the jury, because it poses a risk that the jury will disregard the judge's instructions. Furthermore, the misconduct occurred so many times, and after so many warnings, that the Executive Committee must find that Ms. Motta intended to disrupt the trial.

On the question of what discipline to impose, the nature of the violation and the repeated instances of disruption weigh in favor of a serious disciplinary sanction. In mitigation, Ms. Motta has apologized and set forth a detailed plan to prevent a recurrence of the violation. On balance, the Executive Committee orders that

a. Alison Hope Motta is suspended from the General Bar of this Court for 90 days, after which she will be automatically reinstated to the General bar pursuant to Local Rule 83.30(a).

b. Alison Hope Motta is suspended from the Trial Bar for one year. No sooner than 12 months from the date of this Order, Ms. Motta may petition the Executive Committee for reinstatement to the Trial Bar. The Executive Committee finds that the misconduct committed during the trial shows that Ms. Motta is not able to serve as lead counsel during a trial for at least the one-year period. To lift the suspension, she must meet Local Rule 83.30(d)'s reinstatement standard and burden of proof at the end of the one-year period. and must submit records demonstrating that she has completed the ethics and professionalism classes she noted in her response.

c. The Executive Committee notes that the disciplinary sanction would have been considerably more severe had Ms. Motta not accepted responsibility for her actions.

d. Within 21 calendar days of the docketing of this order, Alison Hope Motta shall notify by certified mail, return receipt requested, all clients to whom she is responsible for pending matters before this Court of the fact that she cannot continue to represent them during the suspension from the General Bar.

e. Any login credentials issued to Alison Hope Motta for access to the electronic filing system of this Court shall be disabled until she is reinstated to active status in the general bar of this Court.

f. Within 35 days of the entry of this Order, Alison Hope Motta shall file with the Assistant to the Clerk of the Court a declaration indicating her address to which subsequent communications may be addressed.

g. Alison Hope Motta shall keep and maintain records evidencing her compliance with this order so that proof of compliance will be available if needed for any subsequent proceeding instituted by or against her.

h. Any further offensive behavior may lead to further disciplinary action, including, but not limited to, disbarment.

i. The Clerk is directed to enter this Order into the public record.

j. The Clerk is directed to send a copy of this order and all relevant documentation to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois.

ENTER:

FOR THE EXECUTIVE COMMITTEE

[signature]

Chief Judge

DATED: May 8, 2017